UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Edward Garland,

    Petitioner,

Case No. 5:15-cv-11116
Hon. Judith E. Levy
Mag. Judge David R. Grand

Duncan MacLaren,

    Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [7]**

Petitioner Edward Garland, confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for first-degree home invasion, M.C.L. § 750.110a(2); two counts of first-degree criminal sexual conduct, M.C.L. § 750.520b(1)(c); and two counts of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(c).

Respondent filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of

1

limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (d)(1). (Dkt. 7.) Petitioner has not filed a response to the motion.

For the reasons stated below, the respondent's motion for summary judgment is granted and the petition is dismissed as time-barred under AEDPA. The Court declines to issue petitioner a certificate of appealability and denies petitioner leave to appeal *in forma pauperis*.

## I. BACKGROUND

On October 25, 2007, petitioner was found guilty following a jury trial in the Livingston County Circuit Court. (Dkt. 7-3.) On December 20, 2007, he was sentenced to a minimum of fifteen years in prison, and on January 9, 2008, the final judgment was entered in his case. (*Id.*) On August 18, 2009, the Michigan Court of Appeals affirmed his conviction, (Dkt. 8-15), and on June 23, 2010, the Michigan Supreme Court denied petitioner's leave to appeal. *People v. Garland*, 486 Mich. 996 (2010). Petitioner did not seek a writ of certiorari from the Supreme Court.

Over three years later, on December 9, 2013, petitioner filed a post-conviction motion for relief from judgment with the state trial court, pursuant to M.C.R. 6.500 *et seq.* (Dkt. 8-17.) On January 28, 2014, the Honorable David J. Reader, Circuit Judge for Livingston County, denied plaintiff's motion for relief. (Dkt. 8-18.) On June 27, 2014, the Michigan Court of Appeals denied a rehearing on the grounds that petitioner had failed to meet the burden for establishing relief under M.C.R. 6.508(D). (Dkt. 8-19.) And on February 3, 2015, the Michigan Supreme Court denied petitioner's application for leave to appeal. *People v. Garland,* 497 Mich. 953 (2015).

Petitioner's habeas application is signed and dated March 16, 2015, and was filed with this Court on March 23, 2015.[1]

## II. ANALYSIS

Respondent's counsel argues in his motion for summary judgment that petitioner's petition should be barred from federal habeas review by the one-year statute of limitations imposed by AEDPA. (Dkt. 7 at 5.)

---

[1] The Court applies the prison mailbox rule and deems the petition to have been filed on March 16, 2015. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The summary judgment rule applies to habeas proceedings. *See*, *e.g.*, *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005); *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003). In the statute-of-limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F. 3d 243, 250 (2nd Cir. 1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

AEDPA applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

>seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A habeas petition filed outside the time period prescribed by this section is subject to dismissal. *See Isham v. Randle*, 226 F. 3d 691, 694-95 (6th Cir. 2000); *see also Lee v. Brunsman*, 474 Fed. App'x. 439, 441 (6th Cir. 2012).

After the Michigan Supreme Court denied petitioner's application for leave to appeal on June 23, 2010, petitioner had ninety days to petition the United States Supreme Court for a writ of certiorari. Supreme Ct. R. 13. Once this opportunity to appeal to the Supreme Court expired, the AEDPA statute of limitations begins to run on the next day. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because

petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on September 21, 2010, which is ninety days after the Michigan Supreme Court denial of leave to appeal. The one-year limitations period commenced September 22, 2010. Absent equitable or statutory tolling, petitioner had until September 22, 2011 to timely file his habeas petition. Instead, he filed his petition on March 23, 2015.

Petitioner's motion in state court for post-conviction relief from judgment, filed on December 9, 2013, does not cure the untimeliness of his federal habeas petition. Although 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, that collateral appeal must nonetheless be filed within the statute-of-limitations period. 28 U.S.C. § 2244(d)(2); *Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015) ("the limitation period commences only after 'the time for seeking' direct review has expired"); *Hargrove v.*

6

*Brigano*, 300 F. 3d 717, 718 n. 1 (6th Cir. 2002) (the limitation period does not restart after it has already run).

And the mere fact that petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion would not restart the one-year limitations process anew. A motion for state post-conviction review alleging ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA limitations period. *Allen v. Yukins,* 366 F. 3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman,* 329 F. 3d 490, 493 (6th Cir. 2003)). The limitations period had already expired by the time the post-conviction motion was filed, and the fact that petitioner alleged ineffective assistance of appellate counsel in his collateral challenge to his conviction does not restart or otherwise alter the limitations period.

The AEDPA statute of limitations, 28 U.S.C. § 2244(d), "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing" of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). And the burden is on a habeas petitioner to show that he or she is entitled to equitable tolling of the one-year limitations period. *Id.* Where, as here, a petitioner has failed to present an argument that warrants equitable tolling, he is not entitled to it. *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (equitable tolling not available when the record provides no indication of any factors to be considered); *Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007) (denial of equitable tolling upheld because petitioner provided no arguments regarding the factors).

A petition filed after the expiration of the one-year statute of limitations may nonetheless be considered upon a credible showing of actual innocence, under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the

threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual-innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case does not qualify for an actual-innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he is actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner claimed in his state post-conviction motion for relief from judgment that

9

he was actually innocent, his claim appears to be based upon asserted procedural flaws at trial—related to the complainant not having testified—and the ineffective assistance of trial counsel. (Dkt. 7-2 at 14-15.) "To raise the claim [of actual innocence], a petitioner must present new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Maze v. Lester*, 564 F. App'x 172, 180 (6th Cir. 2014) (quoting *Bell v. Howes*, 703 F.3d 848, 854 (6th Cir. 2012)). No such evidence or argument has been presented.

### III. CONCLUSION

The petition for writ of habeas corpus has been filed well after the expiration of the AEDPA statute of limitations, and no grounds for equitable tolling are present to permit consideration despite the time bar. Therefore, respondent's motion is GRANTED and the petition is DISMISSED with prejudice.

Furthermore, the petitioner is DENIED a certificate of appealability, because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*.

The Court declines to issue petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner had filed his habeas

11

petition outside of the one-year limitations period. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court also DENIES petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *See* 28 U.S.C. § 1915(a).

    IT IS SO ORDERED.

Dated: February 4, 2016      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2016.

                                          s/Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager